1    John Burton, State Bar No. 86029
     jb@johnburtonlaw.com
2    THE LAW OFFICES OF JOHN BURTON
     128 North Fair Oaks Avenue
3    Pasadena, California 91103
     Tel.: (626) 449-8300/Fax (626) 440-5968
4
     Attorneys for Plaintiffs Hasmik Jasmine Chinaryan,
5    Individually and as Guardian as Litem for NEC, a Minor,
     and Mariana Manukyan,
6

7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12   HASMIK JASMINE CHINARYAN,          Case No. 2:19-cv-09302 MCS (Ex)
     Individually and as Guardian as Litem
13   for NEC, a Minor, and MARIANA      **PLAINTIFFS' OPPOSITION TO**
     MANUKYAN,                          **DEFENDANTS' MOTION IN**
14                                      **LIMINE**
           Plaintiffs,
15                                      Before Judge Mark C. Scarsi
                 v.
16                                      **Pretrial Conference:**

17   CITY OF LOS ANGELES, LOS           Date: August 9, 2021
     ANGELES POLICE                     Time: 2:00 p.m.
18   DEPARTMENT,
                                        **Trial:**
19         Defendants.
                                        Date: August 23, 2021
20                                      Time: 8:30 a.m.

21

22

23        Plaintiffs do not fully oppose Defendants' motion in limine, but file this brief

24   because the requested relief could be construed as too broad. The Court's trial order

25   directs that "Motions in limine should address specific issues." Defendants does so, in

26   places, but combines numerous topics and in other passages to is vague. Plaintiffs

27   consent to an order that should be bilateral so that both sides will be precluded from

28   muddying the record with evidence about the circumstances of other traffic stops.

Plaintiffs construe the Court's order on summary judgment to define the liability issue for jury determination as whether, given the totality of the circumstances known to the officers who detained Plaintiffs, high-risk stop procedures were constitutional.

The motion in limine requests that evidence relating to the specific circumstances of other "high-risk traffic stops," such as that of Joston Theney, *Theney v. City of Los Angeles*, No. 11 CV 15-9602-AB (AFMx), 2017 WL 10743001 (June 19, 2017), be precluded. Mr. Theney is not identified on the witness list. Nor is any other person—at least aside from the three plaintiffs—who claims a constitutional deprivation due to the City's "high-risk traffic stop" procedure. Accordingly, Plaintiffs consent to an order precluding such evidence so long as it is made bilateral, to insure that defense witnesses too are precluded from referring to the specific circumstances of other traffic stops.

The Court has determined that Plaintiffs were detained by officers following the LAPD "high-risk traffic stop" policies and procedures, rejecting Defendants' argument that proof of other incidents was required. Docket No. 77 at 18-19. Now Defendants have swung from one extreme to the other, arguing that there can be no reference to other high-risk traffic stops. The Court should strike an appropriate balance.

Aside from involved officers, Plaintiffs have no witness to testify about other traffic stops aside from their police practices expert, Jeff Noble, who submitted a detailed Rule 26 report that discusses deficiencies in Defendants' policies. Mr. Noble must necessarily refers to a universe that extends beyond this particular traffic stop. Plaintiffs request that to the extent that Defendants seek to limit Mr. Noble's testimony they should be required to be more specific.

Accordingly, Plaintiffs consent to a limited, bilateral order in limine.

Respectfully submitted,

Dated: July 26, 2021                  THE LAW OFFICES OF JOHN BURTON

                                                    /S/ John Burton
                                    By: _____
                                              John Burton
                                          Attorneys for Plaintiff