1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10  HASMIK JASMINE CHINARYAN, et   Case No.: 2:19-cv-09302-MCS-E
11  al.,

12               Plaintiff,         **JURY INSTRUCTIONS**

13

14               v.

15  CITY OF LOS ANGELES, et al.,

16               Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 1

**Duty of Jury (Court Reads and Provides Written Instructions at the Beginning of Trial)**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

# JURY INSTRUCTION NO. 2

## Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs contend that the City of Los Angeles and Los Angeles Police Department maintain policies, practices and customs regarding high-risk traffic stops that resulted in the violation of rights guaranteed to them through the Fourth Amendment to the United States Constitution. The plaintiffs have the burden of proving these claims.

The Defendants deny those claims and contend that all of their actions were reasonable under the Fourth Amendment to the United States Constitution. The Defendants contend that the high-risk traffic stop was reasonable and justified under the totality of the circumstances in this particular case, and that the manner in which the traffic stop was conducted was reasonable and in accordance with their training and statewide guidelines.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 3

### Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 4

## Two or More Parties–Different Legal Rights

You should decide the case as to each plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

# JURY INSTRUCTION NO. 5

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I may instruct you to accept as proved.

# JURY INSTRUCTION NO. 6

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

## JURY INSTRUCTION NO. 7

### Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## <u>JURY INSTRUCTION NO. 8</u>

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 9

### Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# JURY INSTRUCTION NO. 10

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case, if any;

    (5)    the witness's bias or prejudice, if any;

    (6)    whether other evidence contradicted the witness's testimony;

    (7)    the reasonableness of the witness's testimony in light of all the evidence; and

    (8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but

1    told the truth about others, you may accept the part you think is true and ignore the

2    rest.

3

4          The weight of the evidence as to a fact does not necessarily depend on the

5    number of witnesses who testify.  What is important is how believable the witnesses

6    were, and how much weight you think their testimony deserves.

# JURY INSTRUCTION NO. 11

## Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research,

1  such as consulting dictionaries, searching the Internet, or using other reference
2  materials; and do not make any investigation or in any other way try to learn about the
3  case on your own.  Do not visit or view any place discussed in this case, and do not
4  use the Internet or any other resource to search for or view any place discussed during
5  the trial.  Also, do not do any research about this case, the law, or the people
6  involved—including the parties, the witnesses or the lawyers—until you have been
7  excused as jurors. If you happen to read or hear anything touching on this case in the
8  media, turn away and report it to me as soon as possible.

9         These rules protect each party's right to have this case decided only on evidence
10  that has been presented here in court.  Witnesses here in court take an oath to tell the
11  truth, and the accuracy of their testimony is tested through the trial process.  If you do
12  any research or investigation outside the courtroom, or gain any information through
13  improper communications, then your verdict may be influenced by inaccurate,
14  incomplete or misleading information that has not been tested by the trial process.
15  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the
16  case based on information not presented in court, you will have denied the parties a
17  fair trial.  Remember, you have taken an oath to follow the rules, and it is very
18  important that you follow these rules.

19         A juror who violates these restrictions jeopardizes the fairness of these
20  proceedings, and a mistrial could result that would require the entire trial process to
21  start over.  If any juror is exposed to any outside information, please notify the court
22  immediately.

23
24
25
26
27
28

14

## JURY INSTRUCTION NO. 12

### Publicity During Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

## <u>JURY INSTRUCTION NO. 13</u>

### No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

# JURY INSTRUCTION NO. 14

## Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## **JURY INSTRUCTION NO. 15**

### **Questions to Witnesses by Jurors During Trial**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

## JURY INSTRUCTION NO. 16

### Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 17

### Outline of Trial

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1

## JURY INSTRUCTION NO. 18

### Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Sgt. Fred S. Cueto was taken on August 25, 2020. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

# JURY INSTRUCTION NO. 19

## Expert Opinion

You are about to hear testimony from Jeff Noble and Edward Flosi who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## JURY INSTRUCTION NO. 20

### Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website,

database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

# JURY INSTRUCTION NO. 21

## Duty of Jury (Court Reads and Provides Written Instructions at End of Case)

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

## **JURY INSTRUCTION NO. 22**

### **Section 1983 Claim – Introductory Instruction**

The plaintiffs brings their claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1

## JURY INSTRUCTION NO. 23

2  **Section 1983 Claim Against Local Governing Body Defendants Based on Official**
3  **Policy, Practice, or Custom That Violates Law or Directs Employee to Violate**
4  **Law – Elements and Burden of Proof**

5    In order to prevail on their § 1983 claim against Defendants the City of Los

6  Angeles and the Los Angeles Police Department alleging liability based on an official

7  policy, practice, or custom, the plaintiffs must prove each of the following elements

8  by a preponderance of the evidence:

9    1. The officers acted under color of state law;

10    2. The acts of the officers deprived the plaintiffs of their particular rights under

11  the laws of the United States and/or the United States Constitution as explained in the

12  following instructions;

13    3. The officers acted pursuant to an expressly adopted official policy or a

14  widespread or longstanding practice or custom of Defendants City of Los Angeles and

15  Los Angeles Police Department; and

16    4. The Defendants' official policy or widespread or longstanding practice or

17  custom caused the deprivation of the plaintiffs' rights by the officers; that is, the City

18  of Los Angeles and Los Angeles Police Department's official policy or widespread or

19  longstanding practice or custom is so closely related to the deprivation of the

20  plaintiffs' rights as to be the moving force that caused the ultimate injury.

21    A person acts "under color of state law" when the person acts or purports to act

22  in the performance of official duties under any state, county, or municipal law,

23  ordinance or regulation. The parties have stipulated that the officers who conducted

24  the traffic stop acted under color of state law.

25    "Official policy" means a formal policy, such as a rule or regulation adopted by

26  Defendants City of Los Angeles and Los Angeles Police Department resulting from a

27  deliberate choice to follow a course of action made from among various alternatives

28

1    by the official or officials responsible for establishing final policy with respect to the
2    subject matter in question.

3         "Practice or custom" means any longstanding, widespread, or well-settled
4    practice or custom that constitutes a standard operating procedure of the defendant the
5    City of Los Angeles and Los Angeles Police Department. This Court has determined
6    that Defendants City of Los Angeles and Los Angeles Police Department have an
7    official policy of allowing officers to conduct a high-risk stop on a suspected stolen
8    vehicle after considering the totality of the circumstances. This Court has also
9    determined that the officers acted pursuant to the official policy, practice and customs
10   of Defendants City of Los Angeles and Los Angeles Police Department when they
11   detained the plaintiffs on June 16, 2019.

12        If you find that the plaintiffs have proved each of these elements, and if you
13   find that the plaintiffs have proved all the elements they are required to prove under
14   Instructions 24, 25, and 26, your verdict should be for the plaintiffs. If, on the other
15   hand, you find that the plaintiffs have failed to prove any one or more of these
16   elements, your verdict should be for the defendants.

## JURY INSTRUCTION NO. 24

### Particular Rights–Fourth Amendment–Unreasonable Seizure of Person– Generally

As previously explained, the plaintiffs have the burden of proving that the acts of the defendants' officers deprived the plaintiffs of particular rights under the United States Constitution. In this case, the plaintiffs allege the officers deprived them of their rights under the Fourth Amendment to the Constitution because of the manner in which the officers conducted the traffic stop.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person. In order to prove the officers deprived the plaintiffs of this Fourth Amendment right, the plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. the officers seized the plaintiff's person;

2. in seizing the plaintiff's person, the officers acted intentionally; and

3. the seizure was unreasonable.

Officers "seize" the plaintiff's person when they restrain the plaintiff's liberty through coercion, physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his or her business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

(1)    the number of officers present;

(2)    whether weapons were displayed;

(3)    whether the encounter occurred in a public or nonpublic setting;

(4)    whether the officer's manner would imply that compliance would be compelled; and

(5)    whether the officers advised the plaintiff that he or she was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Therefore, the plaintiffs must prove that the Defendant Officers unreasonably intended to employ high-risk tactics with respect to the plaintiffs.  It is not enough to prove that the Defendant Officers negligently or accidentally engaged in that action.  But while the plaintiffs must prove that the Defendant Officers intended to act, the plaintiffs need not prove that the Defendant Officers intended to violate the plaintiffs' Fourth Amendment rights.

## JURY INSTRUCTION NO. 25

**Particular Rights–Fourth Amendment–Unreasonable Seizure of Person–
Exception to Warrant Requirement–*Terry* Stop**

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officers at the time:

    1.    the officers had a reasonable suspicion that the person seized was engaged in criminal activity; and

    2.    the length and scope of the seizure was reasonable.

    In order to prove the seizure in this case was unreasonable, the plaintiffs must prove by a preponderance of the evidence that the officers lacked reasonable suspicion to stop them or that the length or scope of the stop was excessive.

    "Reasonable suspicion" is a particularized and objective basis for suspecting the plaintiff of criminal activity.  The officers are permitted to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them.

    In determining whether the length or scope of the seizure was reasonable, consider all of the circumstances, including:

    (1)    the intrusiveness of the stop, such as the methods the police used, the restriction on the plaintiff's liberty, and the length of the stop; and

    (2)    whether the methods used were reasonable under the circumstances.

## JURY INSTRUCTION NO. 26

**Particular Rights–Fourth Amendment–Unreasonable Seizure of Person–Excessive Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force. Therefore, to establish an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that the officers used excessive force by unreasonably employing high-risk tactics with respect to the plaintiffs.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officers are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1. the nature of the crime or other circumstances known to the officers at the time force was applied;

2. whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3. whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. the amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. the type and amount of force used;

6. the availability of alternative methods to conduct the traffic stop;

7. the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent; and

8. whether a reasonable officer would have or should have accurately perceived a mistaken fact.

## JURY INSTRUCTION NO. 27

### Damages–Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for one or more plaintiff, you must determine damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants. You should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future; and

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## JURY INSTRUCTION NO. 28

### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# JURY INSTRUCTION NO. 29

## Consideration of Evidence–Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence

that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

# JURY INSTRUCTION NO. 30

## Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me, or any members of the court staff, except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

# JURY INSTRUCTION NO. 31

## Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.